IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 4:15cr18

CHARLES BURTON RITCHIE, et al.

Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Charles Burton Ritchie's Motion to Dismiss, ECF No. 755, Motion for New Trial, ECF No. 756, and Motion for Leave to File Motions out of Time, ECF No. 758. Defendant Benjamin Galecki has also moved to Adopt Defendant Ritchie's Motion for New trial. ECF No. 759. Defendant Galecki's Motion to Adopt is **GRANTED**. The Court also construes that Defendant Galecki has joined Defendant Ritchie in his Motion for Extension to File. Having thoroughly reviewed the Parties' filings in this case, the Court finds that this matter is ripe for judicial determination. For the reasons set forth below, Defendants Ritchie and Galecki's joint Motion to File Outside of Time and joint Motion for New Trial are **DENIED**. Defendant Ritchie's Motion to Dismiss is also **DENIED**.

## I. PROCEDURAL HISTORY

A fifteen count, Third Superseding Indictment, was filed against Defendants Ritchie and Galecki, and two co-defendants, in the Eastern District of Virginia, on August 9, 2016. ECF No. 362. Defendants Ritchie and Galecki were specifically charged with Counts One through Eight. *Id.* Count One charged Defendants with Conspiracy to Distribute and Possess with Intent to Distribute Schedule I Controlled Substances and Controlled Substance Analogues in violation of Title 21 United States Code Sections 813 and 846. *Id.* Counts Two and Three charged

1

Defendants with Use of a Communication Facility in violation of Title 21 United States Code Sections 843. *Id.* Counts Four through Six charged Defendants with Interstate Transportation in Aid of Racketeering Enterprises in violation of Title 18 United States Code Section 1952(a)(3). *Id.* Counts Seven and Eight charged Defendants with Distribution and Possession with Intent to Distribute Controlled Substances and Controlled Substance Analogues in violation of 21 United States Code Sections 841(a)(1). *Id.*

Defendants Ritchie and Galecki proceeded to trial on October 4, 2016. ECF No. 466. The trial lasted twelve days, ECF No. 522, and the jury was hung on all eight counts against both Defendants. ECF No. 523.

Defendants Ritchie and Galecki's jury re-trial commenced on January 11, 2017. ECF No. 648. The trial lasted eight days, ECF No. 664, and the jury found both Defendants guilty on all eight counts. ECF Nos. 665 and 667.

Nearly four months after Defendants Ritchie and Galecki were found guilty on all counts, Defendant Ritchie filed three motions on May 11, 2017: a Motion to Dismiss, ECF No. 755, a Motion for New Trial, ECF No. 756, and a Motion for Leave to File the aforementioned Motions out of Time, ECF No. 758. Defendant Galecki moved to Adopt Defendant's Motion for New Trial. ECF No. 759. The Government filed a Response in Opposition to all of the Defendants' motions. ECF Nos. 760 and 771.

## II. DISCUSSION

### Motion for Extension to File Outside of Time

Defendants Ritchie and Galecki move for leave to file their joint motion for new trial out of time on three grounds. Defendant Ritchie also moves to file his motion to dismiss outside of time for the same reasons. First Defendants argue that two juries reached different conclusion on

their understanding of "substantial similarity" in the context of the Controlled Substance Analogue Act. Second, Defendants assert that they have not received the entire transcript. Third, Defendants assert that their motion is based on new case law from other jurisdictions.

A court may consider an untimely post trial motion if there is evidence of excusable neglect. FED. R. CRIM. P. 45(b)(1)(B); *United States v. Blackwell*, 436 Fed. App'x. 192, 198 (4th Cir. 2011) ("Appellants have failed to present any circumstances suggesting that their filing was delayed by "excusable neglect." FED. R. CRIM. P. 45(b)(1)(B). Accordingly, we affirm the district court's denial of Appellants' motion for a new trial as untimely."); *United States v. Chujoy*, 207 F. Supp. 3d 660, 664 (W.D. Va. 2016) (noting that the Advisory Committee Notes to Rule 45 state that "[i]f for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect.") (emphasis in the original).

Excusable neglect is not an easy standard to satisfy. *Chujoy*, 207 F. Supp. 3d at 666 (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)). District Courts have applied the factors from *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993) to determine whether excusable neglect exists in the context of post-trial motions. *Chujoy*, 207 F. Supp. 3d at 665; *United States v. Jones*, No. RWT 12-cr, 2015 WL 2094120, at *2 (D. Md. May 5, 2015).

The four factors for consideration are: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on the judicial proceeding; (3) the reason for the delay and whether it was under the movant's control; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Indeed, "a party that fails to act with diligence will be unable to

establish that his conduct constituted excusable neglect." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010). Additionally, excusable neglect in criminal cases is generally limited to: (1) an intervening change in controlling case law; or (2) ineffective assistance of counsel. *Chujoy*, 207 F. Supp. 3d at 666.

Not all factors need to weigh in one side's favor, rather the Court may rule for the party in whose favor the balance of the factors weighs. *Id.* at 664-69 (holding that defendants did not show excusable neglect for late Rule 33 motion where balance of Pioneer factors did not weigh in their favor).

The two motions for consideration are analyzed, in turn, below.

### a. Motion for new trial

Defendants Ritchie and Galecki moved for a new trial more than one-hundred days after the jury issued a verdict. *See* ECF Nos. 665, 756, and 759. Defendants assert that they are entitled to a new trial on the grounds that the Court denied the testimony of Dr. Arthur Berrier. ECF No. 756.

Pursuant to the Federal Rules of Criminal Procedure 33(b)(2), a motion for new trial must be filed within *fourteen days after the jury's verdict*, unless new evidence has been discovered. In affirmation of these Rules, both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have stated that post-trial motion deadlines are inflexible. *See Eberhart v. United States*, 546 U.S. 12, 13 (2005) ("The Rules provide that courts 'may not extend the time to take any action under [Rule 33], except as stated' in Rule 33 itself."); *United States v. Barbee*, 524 Fed. App'x. 15, 17-18 (4th Cir. 2013) ("[A] motion for a new trial based on grounds other than newly discovered evidence must be filed within fourteen days after a finding

of guilty. . . . Thus, we conclude that had the district court construed the motion as one seeking a new trial, the district court would have been required to deny the motion.").

Because Defendants Ritchie and Galecki have filed their motions outside of time, the Court must analyze whether excusable neglect exists. Three of the four factors weigh against them. With regard to the first factor, "the proper inquiry . . . is the potential prejudice from having to retry the case after a delay." *Id.* at 665. "Thus, a court can only consider prejudice attributable to the filing delay, itself." *Id.* Here, Defendants Ritchie and Galecki cite three reasons for their motion to file outside of time: (1) two juries reached different conclusions, which affirms that the statute is unconstitutionally vague; (2) Defendants have not received the entire transcript; and (3) the motion for new trial is based on new case law from other jurisdictions. Defendants Ritchie and Galecki never explain, however, why they failed to file a motion for extension within the designated period of time. Although Defendants Ritchie and Galecki cite three reasons for their delay, it is important to note that only one of their reasons was time sensitive. This means that Defendants Ritchie and Galecki, at a minimum, could have filed a motion for extension, within the designated time period, for the first two reasons alone. Without more, the Court finds that on these facts, the danger of prejudice to the government is great.

The second factor also favors the government. Because Defendants Ritchie and Galecki filed their motions twenty days before sentencing, and more than one-hundred days after trial, allowance of this untimely motion would significantly impact the proceedings. *See Chujoy*, 207 F. Supp. 3d at 665 ("The second factor is neutral. . . . no sentencing has been scheduled in this case.").

The third factor also favors the government. Defendants Ritchie and Galecki's first and second reason for filing outside of time are insufficient because they do not show cause for delay. Even if the Court accepts Defendants Ritchie and Galeckis' arguments as true, they still could have timely filed their motions, or, as previously discussed, filed for an extension within the designated deadline. With regard to Defendants Ritchie and Galecki argument about new case law, the most recently cited case was published February 17, 2017, with an acquittal on March 2, 2017. Considering Defendants waited more than eighty days after the opinion was published, the Court cannot find that this factor weighs in Defendants Ritchie or Galecki's favor.

The fourth factor weighs in Defendants Ritchie and Galecki's favor because the Court finds that there is no evidence that Defendants Ritchie and Galecki did not act in good faith.

Because the Court finds that three out of the four factors weigh against Defendants Ritchie and Galecki, the Court finds that they have failed to show excusable neglect.

Additionally, because this was a criminal proceeding, the Court must also consider whether there was ineffective assistance of counsel. *Chujoy*, 207 F. Supp. 3d at 666 ("[e]xcusable neglect in criminal cases is generally limited to situations where the filing delay was caused by an intervening change in the law or the admitted ineffective assistance of former trial counsel"). As the Government noted in its response, there has been no allegation of ineffective assistance of counsel. ECF No. 760 at 6. As a result, the Court does not need to analyze this factor. *See Chujoy*, 207 F. Supp. 3d at 666.

The Court will note, however, that it previously addressed Defendants Ritchie and Galecki's motion to compel Dr. Berrier's testimony after a full round of briefing during the first trial. *See* ECF No. 625. Moreover, even after the court barred Dr. Berrier's testimony, the Court still allowed Defendants Ritchie and Galecki to question witnesses from the Drug Enforcement

Administration about Dr. Berrier. While Defendants Ritchie and Galecki argue that the Court's denial to permit Dr. Berrier's testimony is grounds for a new trial, the Court disagrees.

For these reasons, Defendants Ritchie and Galecki's motion for a new trial is **DENIED.**

**b. Motion to Dismiss**

Defendant Ritchie filed his motion to dismiss more than one-hundred days after trial. *See* ECF Nos. 665 and 775. Defendant asserts that the charges against him should be dismissed because the statute under which he was prosecuted is void for vagueness as applied. ECF No. 755.

Federal Rule of Criminal Procedure 12(b)(3)(B) states that all motions pertaining to an indictment's deficiency must be filed before trial. Although this rule lists five examples of indictment deficiencies, this list is "nonexclusive." FED. R. CRIM. P. 2014 Amendment Rule 12(b)(3).

Because Defendant moved to dismiss his charges after trial, his motion is untimely. As a result, the court must determine whether excusable neglect exists. With regard to factors one, two, and four, the analysis discussed in the new trial section is also applicable here.

With regard to factor three, however, Defendant Ritchie notes that he was delayed in filing his motion to dismiss because of new case law. It is important to note that Defendant Ritchie only cites three cases that were decided after the second trial—the most recent of which was published on April 13, 2017. Defendant Ritchie provided no reason, however, for why he waited twenty eight days after the most recent case was published to file his untimely motions. Without more, the Court cannot find that this factor weighs in Defendant Ritchie's favor.

As a result of the foregoing, Defendant Ritchie's motion to file his motion to dismiss outside of time is **DENIED.**

7

But, even if Defendant Ritchie's motion was timely, the motion would have been denied on the merits. In his motion, Defendant Ritchie specifically argues that because the jury was hung in his first trial, and the Government's expert witnesses analyzed "substantial similarity" using different methods in the second trial, the Federal Analogue statute is vague as applied in his case.

A statute is not void for vagueness just because a first trial results in a hung jury or because a jury asks questions. *See, e.g., Smith v. United States*, 431 U.S. 291, 309 (1977) (noting that "the possibility that different juries might reach different conclusions as to the same material does not render the statute unconstitutional"). With regard to the Federal Analogue Act, courts have generally found that an accepted definition for "substantial similarity" is not required. *See, e.g., United States v. Lawton*, 84 F. Supp. 3d 331, 337-38 (D. Vt. Jan. 9, 2015) (rejecting the argument that the Federal Analogue Act is unconstitutionally vague because "substantially similar" is not defined by statute and no definition exists in the scientific community); *United States v. Long*, 15 F.Supp.3d 936, 940-44 (D.S.D. 2014) (rejecting the argument that the "substantially similar requirement is too vague to satisfy due process" in an XLR-11 case). Moreover, while the substantial similarity concept "may not provide absolute certainty in every case in which a person seeks to experiment in reaching the outermost boundaries of lawful conduct . . . that is not the standard for due process." *United States v. Niemoeller*, No. IP 02-09-CR-1, 2003 WL 1563863, at *4 (S.D. Ind. Jan. 24, 2003). For these reasons, even if Defendant Ritchie's motion was timely, it would have been denied on the merits.

## III. CONCLUSION

For the reasons set forth above, Defendants Ritchie and Galecki's joint Motion for Extension and Motion for New Trial are **DENIED**. Defendant Ritchie's Motion to Dismiss is also **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
June  /  , 2017

/s/
Raymond A. Jackson
United States District Judge